**IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA**

**FILED**
**February 8, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KRISTY B.,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-226**       (Fam. Ct. Wayne Cnty. No. FC-50-2022-D-168)

**DANIEL V.,**
**Petitioner, Respondent**

## MEMORANDUM DECISION

Petitioner Kristy B.[1] appeals the Family Court of Wayne County's May 5, 2023, order granting Respondent Daniel V.'s verbal request for a name change of their child after paternity was established.[2] The family court concluded that it was in the child's best interest to have Daniel V.'s surname. Daniel V. did not participate in the appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons set forth below, the family court's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

The parties are the parents of G.B. ("the Child"), now age one, who was given Kristy B.'s last name at birth.[3] This matter originated as a paternity action filed by Daniel V. on July 20, 2022. Paternity testing was conducted and, at a hearing on January 20, 2023, the family court adjudicated Daniel V. as the Child's father and a temporary parenting plan

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Kristy B. is represented by Amy C. Crossan, Esq. Daniel V. did not participate in the appeal.

[3] Kristy B.'s last name is her ex-husband's surname which is also shared by their two children.

1

was entered. On a temporary basis, Daniel V. was granted visitation three days per week, in three-hour increments.

The next hearing was held on March 7, 2023, to establish a permanent parenting plan. At that hearing, Daniel V. verbally requested that the child's last name be changed either to his surname or be hyphenated to include his surname. The family court entered its final parenting order on March 30, 2023, and entered its order granting the name change on May 5, 2023, which ordered that the child's surname be changed to Daniel V.'s surname. The family court held that: it was in the Child's best interest to have Daniel V.'s surname because she was not old enough to be acclimated to her current last name; the Child's current last name is that of Kristy B.'s former husband; and the fact that the Child's two half-siblings share the Child's current last name does not outweigh the Child sharing the surname of her biological father who is attempting to be active in her life. It is from the May 5, 2023, order that Kristy B. now appeals.

For these matters, our standard of review is as follows:

> In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Kristy B. raises two assignments of error. First, Kristy B. asserts that the family court did not have jurisdiction to grant a name change. We agree with Kristy B. that the family court erred in granting Daniel V.'s request to change the Child's name. However, Kristy B. incorrectly claims that the family court did not have jurisdiction. The family court has jurisdiction to grant or deny name changes pursuant to West Virginia Code § 48-25-101 (2013). Here, however, the issue is whether the family court followed the correct procedure in granting Daniel V.'s request.

West Virginia Code § 48-25-101[4] requires the petitioning party file a verified petition setting forth certain facts and to publish notice of the hearing as a Class I legal

---

[4] West Virginia Code § 48-25-101 (2013) states as follows:

2

advertisement. Here, Daniel V. failed to comply with any of the requirements codified in West Virginia Code § 48-25-101. Instead, he made an oral request for the name change during the final hearing. With these facts in mind, we find that Daniel V. did not follow the proper procedure outlined in West Virginia Code § 48-25-101 and the family court erred when it considered Daniel V.'s request without a verified petition.

Alternatively, Kristy B. contends that even if the petition for name change had been properly before the family court, the evidence did not support the family court's decision to grant the name change. We agree. In *John W. v. Rechelle H.*, No. 18-0329, 2019 WL 2168795 (W. Va. May 20, 2019) (memorandum decision), the Supreme Court of Appeals of West Virginia held that a petitioning party must prove by "clear, cogent, and convincing evidence that the change would significantly advance the best interests of the child." *Id.* at *2. In *John W.*, the father argued that he presented evidence of a proud history of his surname. *Id.* However, the Supreme Court held:

> These factors—considered in our current society where blended families are plentiful, parents equally contribute to the care and support of children, and matriarchal heritage is no less celebrated than that of our fathers—are insufficient to establish that the requested name change is in the best interest of the parties' child.

*Id.*

The family court erred when it failed to follow the proper procedure regarding Daniel V.'s request for a name change. Accordingly, we reverse and remand the family court of Wayne County's order dated May 5, 2023, for further proceedings consistent with this decision.

Reversed and Remanded.

---

(a) A person desiring a change of his or her own name, *or that of his or her child*, may apply to the circuit court or family court of the county in which he or she resides by a *verified petition* setting forth and affirming the following: [emphasis added]

. . . .

(b) After filing the petition and at least ten days before the hearing to consider the application, *the person shall cause a notice of the time and place that the application will be made to be published as a Class I legal advertisement* in compliance with the provisions of article three, chapter fifty-nine of this code. [emphasis added]

**ISSUED:**  February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear